The document below is hereby signed.

Signed: August 13, 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TANNER SCOTT CAMPBELL, | ) | Case No. 19-00042 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MOSEX EXHIBIT 1 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10025 |
| TANNER SCOTT CAMPBELL, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

AMENDED MEMORANDUM DECISION AND ORDER
RE MOTION FOR JUDGMENT ON THE PLEADINGS

Mosex Exhibit 1 LLC ("Mosex") has filed a complaint seeking a determination that the debt the debtor owes it is nondischargeable under 11 U.S.C § 523(a)(2), (4), or (6) and seeking to deny the debtor a discharge under 11 U.S.C. § 727(a)(3) or (4). I will grant in part the debtor's motion for judgment on the pleadings, which amounts to a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

I

I will dismiss as untimely the part of the complaint seeking a determination of the nondischargeability of the debt owed Mosex under 11 U.S.C § 523(a)(2), (4), or (6).  The notice of the commencement of the bankruptcy case warned:

> **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**   **Filing deadline: 4/22/19**
>
> **You must file a complaint:**
>
> - if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or
>
> - if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).

[Emphasis in original.]  (Dkt. No. 8.)[1]  Mosex failed to obtain an extension of the April 22, 2019 deadline under Fed. R. Bankr. P. 4007(c) for Mosex to file a complaint under 11 U.S.C. § 523(c) to determine that the debt owed it is nondischargeable under 11 U.S.C § 523(a)(2), (4), or (6).  Mosex filed its complaint after the expiration of the April 22, 2019 deadline, and thus its claims of nondischargeability must be dismissed.

Mosex asserts that in two motions it filed, each titled a *Motion to Extend Time to Object to Discharge of Debtor*, it sought an extension of the Rule 4007(c) deadline.  However, the court

---

[1] The citations herein to Docket Numbers are to docket numbers in the bankruptcy case, Case No. 19-00042.

properly treated each *Motion to Extend Time to Object to Discharge of Debtor* as only seeking to extend the deadline to object to the debtor's discharge and did not grant an extension of the Rule 4007(c) deadline.

The facts are these. On April 22, 2019, Mosex filed in the bankruptcy case its *Motion to Extend Time to Object to Discharge of Debtor* in which it represented that it "files this Motion to Extend Time to Object to Discharge of Debtor pursuant to Bankruptcy Rule 4004(a) and 11 U.S.C. § 727(a)." Under Fed. R. Bankr. P. 4004, Mosex had until April 22, 2019, to object to the debtor's discharge under 11 U.S.C. § 727(a). Rule 4004 (titled "Grant or Denial of Discharge") does not deal with the deadline for a creditor's filing a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c). It is Fed. R. Bankr. P. 4007(c) that addresses the deadline to determine the dischargeability of a debt under 11 U.S.C. § 523(c).

Mosex's *Motion* set forth 26 paragraphs reciting reasons for granting the *Motion*, and alleged in part:

> 17. Furthermore, the underlying judgment-debt owed to Creditor was incurred in substantial part as a result of the Debtor's false pretenses, false representations, actual fraud and willful and malicious conduct. . . .
> 18. Strong grounds exist for the denial of a discharge, inter alia, under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(6), 727(a)(3), 727(a)(4)(A).

Paragraph 26 indicated: "Accordingly, good cause exists to extend the deadline to file a complaint objecting to the Debtor's

3

discharge under Section 727 and for a determination of non-dischargeability of debt under Section 523(c)." However, the *Motion* then concluded by stating:

> WHEREFORE, Creditor respectfully requests that the Court grant this Motion and extend the time to file a complaint objecting to the discharge of the Debtor for forty-five (45) days to June 6, 2019.

Moreover, the proposed order submitted with the *Motion* read:

**ORDER GRANTING MOTION TO EXTEND TIME
TO OBJECT TO DISCHARGE OF DEBTOR**

> This matter is before the Court on a Motion filed by MOSEX Exhibit 1 LLC ("Creditor") to extend the deadline to file a complaint objecting to the Debtor's discharge pursuant to Bankruptcy Rule 4004(a) and § 727(a). Wherefore, for good cause shown, the movant is entitled to the relief sought, and it is hereby
>
> ORDERED that the Motion is granted and **the deadline to file a complaint objecting to the Debtor's discharge** is extended for forty-five (45) days from the date of this order, or to June 6, 2019, whichever date is later.

[Emphasis added.]

On April 22, 2019, the Chapter 7 trustee filed a motion to extend the time "to object to Debtor's discharge" and to object to exemptions, and on May 14, 2019, the court granted the trustee's motion in an *Order Extending Time to Object to Exemptions and to Discharge* which "ORDERED that the time for objecting to the Debtor's exemptions and to discharge are extended to June 6, 2019." The trustee was not a creditor and had not moved under Fed. R. Bankr. P. 4007(c) to extend the time for all creditors to file complaints under 11 U.S.C. § 523(c) for

4

a determination of the dischargeability of debts.  The *Order Extending Time to Object to Exemptions and to Discharge* plainly did not extend the time to file a complaint under 11 U.S.C. § 523(c).  The *Order Extending Time to Object to Exemptions and to Discharge* extended the deadline for all creditors to object to discharge to June 6, 2019.

On May 13, 2019, the debtor moved to dismiss Mosex's *Motion to Extend Time to Object to Discharge of Debtor* for lack of proper service, but the court found it unnecessary to address whether there had been proper service.  Because the *Order Extending Time to Object to Exemptions and to Discharge* had extended to June 6, 2019, the deadline for all creditors to object to discharge, the court entered orders on May 21, 2019, dismissing as moot both Mosex's *Motion to Extend Time* and the debtor's motion to dismiss Mosex's *Motion to Extend Time*.[2]  In dismissing Mosex's *Motion to Extend Time to Object to Discharge* as moot the court necessarily did not view Mosex's *Motion to Extend Time to Object to Discharge* as seeking an extension of time for Mosex to file a complaint under 11 U.S.C. § 523(c) to

---

[2]  The May 21, 2019 *Order Dismissing, as Moot, Creditor's Motion to Extend Time to Object to Discharge* (Dkt. No. 48) noted: "The Chapter 7 trustee has obtained an order extending to June 6, 2019, the deadline to object to discharge, and that order applies to all creditors . . . ."  and then "ORDERED that the *Motion to Extend Time to Object to Discharge* filed herein by MOSEX Exhibit 1 LLC (Dkt. No. 22) is dismissed as moot."

5

determine that the debt owed it was nondischargeable. Mosex did not file a motion to amend that order and did not file a notice of appeal regarding that order.

On April 22, 2019, the United States Trustee filed a *Motion to Extend Time to File a Complaint Objecting to Debtor Discharge* (Dkt. No. 24) seeking an extension of the time "for filing a complaint objecting to the discharge of the debtor" to July 22, 2019. On May 14, 2019, the court granted the United States Trustee's *Motion* in an *Order Granting United States Trustee's Motion to Extend Time to File Complaint Objecting to Debtor Discharge* (Dkt. No. 43) granting the request of the United States Trustee to extend the deadline to file a complaint objecting to the debtor's discharge to July 22, 2019. The United States Trustee was not a creditor and had not moved under Fed. R. Bankr. P. 4007(c) to extend the time for all creditors to file complaints under 11 U.S.C. § 523(c) for a determination of the dischargeability of debts. The *Order Granting United States Trustee's Motion to Extend Time to File Complaint Objecting to Debtor Discharge* plainly did not extend the time for any creditor to file a complaint under 11 U.S.C. § 523(c).

On June 6, 2019, Mosex filed a further *Motion to Extend Time to Object to Discharge*, once again stating "good cause exists to extend the deadline to file a complaint objecting to the Debtor's discharge under Section 727 and for a determination of

6

non-dischargeability of debt under Section 523(c)."  However, once again, this *Motion to Extend Time* (like Mosex's first *Motion to Extend Time*) concluded by stating "WHEREFORE, Creditor respectfully requests that the Court grant this Motion and extend the time to file a complaint objecting to the discharge of the Debtor to July 22, 2019."  And the proposed order Mosex submitted would have "ORDERED that the Motion is granted and the deadline to file a complaint objecting to the Debtor's discharge is extended for forty-five (45) days from the date of this order, or to July 22, 2019, whichever date is later."  In ruling on that motion, which timely sought an extension of the existing June 6, 2019 deadline to object to discharge, the court stated:

> The United States Trustee and the Chapter 7 trustee have already obtained orders granting extensions to July 22, 2019, of the deadline to object to discharge. Although those orders by their terms are limited to the United States Trustee and the Chapter 7 trustee, the motions leading to those orders requested additional time so that investigations of the circumstances in this case can be completed in order to better determine whether the filing of a complaint objecting to discharge is warranted.  The Creditor should be given the same amount of additional time to evaluate whether **to object to the debtor's receiving a discharge**.

[Emphasis added.][3]  The order then:

> ORDERED [that] the deadline for MOSEX Exhibit 1 LLC to file a complaint objecting to the Debtor's discharge is extended to July 22, 2019. It is further

---

[3] In fact, only the United States Trustee, and not the Chapter 7 trustee, had obtained an order (Dkt. No. 43) extending to July 22, 2019, the deadline for his filing a complaint objecting to discharge.

> ORDERED that **any further relief sought by the Motion to Extend Time to Object to Discharge of Debtor (Dkt. No. 56) is denied.**

[Emphasis added.] Mosex did not seek amendment of that order or appeal that order. Mosex filed its complaint on July 22, 2019. Because there was no extension of the April 22, 2019 deadline to file a complaint regarding nondischargeability, the complaint's claims regarding nondischargeability must be dismissed as untimely.

On the other hand, the debtor's *Answer* in this adversary proceeding, filed on August 26, 2019, and his motion for judgment on the pleadings do not assert (and could not assert) that the claims under 11 U.S.C. § 727(a) to deny the debtor a discharge are time-barred under Rule 4004. The claims under § 727(a) are timely.

II

Count IV of Mosex's complaint seeks a denial of the debtor's discharge under 11 U.S.C. § 727(a)(3). Mosex alleges that "Debtor, in his operation of his fraudulent scheme, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained." Compl. ¶ 74. That conclusory allegation standing alone would not suffice to state a claim upon which relief can be granted. Moreover, it does not

even address whether the failure "was justified under all of the circumstances of the case." However, Court IV incorporates these prior allegations:

> 55. Since January 1, 2015, the Debtor has withdrawn $206,262.88 in cash from ATM machines over 996 individual cash withdrawal transactions in denominations generally between $200.00 and $400.00 at an average rate of $3,996.59 in cash withdrawals per month since January 1, 2015.
>
> 56. The Debtor unconvincingly attempted to assert that his average of 20 separate trips per month to ATM machines to withdraw cash in small denominations is not unusual. [**Footnote:** The Debtor acknowledged that he does not know anyone else who engages in this Practice. **End of Footnote**.] He admits to the $206,262.88 in cash withdraws but could not specifically account for how he spent a single dime of the money. Moreover, the Debtor insisted (in the absence of credibility) that he spends his cash before he withdraws more cash. If that is true, then the Debtor somehow spends an average of an additional $133.33 in cash every day [$4,000.00 per month] on unknown expenses off the grid that are separate from the Debtor's statement of monthly expenses.
>
> \* \* \*
>
> 58. The Debtor has no records of how he (allegedly) disposed of $206,262.88 in cash pursuant to his outrageous ATM withdrawal scheme.
>
> 59. The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained. This behavior was not justified under the circumstances of the case. . . . The Debtor failed to maintain records which would demonstrate the falsity of his statements under oath, among other things.
>
> \* \* \*
>
> 61. The Debtor depleted his estate of $206,262.88 in cash and that cash has gone missing. The Debtor's

explanations, consisting primarily of assertions of the absence of memory, are utterly unavailing. [**Footnote**: For example, in a deposition, the Debtor testified that he withdrew cash from an ATM the prior night. When the Debtor was asked to show the cash from his wallet in the deposition (approximately 10 hours after he withdrew it), all the cash was gone from the Debtor's wallet. The Debtor could not credibly account for why the cash was missing and where it went. **End of Footnote.**]

These allegations suffice to state a claim for denial of discharge under 11 U.S.C. § 727(a)(3).[4] However, beyond that, the complaint does not state a basis for denying the debtor a discharge under § 727(a)(3).

### III

Count V of the complaint seeks a denial of discharge under 11 U.S.C. § 727(a)(4). In pertinent part, the complaint alleges:

> 78. Debtor, knowingly and fraudulently, in or in connection with the case, made a false oath or account.
>
> 79. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

These conclusory allegations do not suffice to state a claim upon which relief can be granted. The debtor and Mosex engaged in lengthy litigation prior to the commencement of the bankruptcy case, and Mosex's complaint identifies instances in which the debtor made false statements under oath in that litigation.

---

[4] I reject as frivolous the debtor's argument that this court lacks jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, over the subject matter of Counts IV and V of the complaint.

10

However, those statements were not made "in connection with the case" in order to justify a denial of discharge under § 727(a)(4)(A). For § 727(a)(4)(A) to apply, the debtor's false oath must be made in or in connection with *the bankruptcy case*. A statement made under oath but made prior to the commencement of a bankruptcy case is not, within the meaning of 11 U.S.C. § 727(a)(4), a false oath "in or in connection with the case." *See Ong v. Ong-Maguire (In re Ong-Maguire)*, No. ADV 09-1176-JMD, 2010 WL 2775062, at *4 (Bankr. D.N.H. July 13, 2010) (the debtor's alleged false oath upon filing a trustee certificate in a registry of deeds, before she filed her bankruptcy case, was not made "in connection with the case"). *See also Strauss v. Brown (In re Brown)*, 531 B.R. 236, 263 (Bankr. W.D. Mo. 2015) (the debtor's false oath in a prior Chapter 13 case was not a false oath "in or in connection with" the debtor's current Chapter 7 case).[5] Mosex's complaint fails to identify any instance in which the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

Based on ATM withdrawals acknowledged by the debtor, Mosex alleges that "the Debtor somehow spends an average of an additional $133.33 in cash every day [$4,000.00 per month] on

---

[5] However, a false oath made in a prior bankruptcy case and within one year before the commencement of the current bankruptcy case may be a basis for denial of discharge under 11 U.S.C. § 727(a)(7).

11

unknown expenses off the grid that are separate from the Debtor's statement of monthly expenses." (Compl. ¶ 56.)  This suggests that the debtor's Schedule J (the statement of monthly expenses) may have been inaccurate.  Mosex acknowledges that the debtor has revealed ATM withdrawals leading to that average of $133.33 per day in cash, and Mosex does not allege that the failure to disclose the cash withdrawals on Schedule J was done knowingly and fraudulently.  Understating expenses on Schedule J (in contrast to overstating expenses on Schedule J) is usually not done with an intent to defraud anyone.  The allegations of the complaint fail to state a claim upon which relief can be granted regarding denying the debtor a discharge based on 11 U.S.C. § 727(a)(4).

IV

Based on the foregoing, it is

ORDERED that Counts I, II, III, and V of the complaint are DISMISSED.  It is further

ORDERED that the motion to dismiss is otherwise denied, and Count IV remains pending with respect to the allegations of paragraphs 55, 56, 58, 59, and 61 of the complaint.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

R:\Common\Tee\SMT\Judge Teel Docs\Moses v. Campbell - Amended Mem Decsn re Mtn for Judgment V2.wpd